IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATONYA EASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 3760 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| IBERIA AIRLINES, AMERICAN AIRLINES, INC., JAMES MEYERS, SUSAN BESSE, AND MILTON URIBE, | ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff LaTonya Easley ("Plaintiff") has sued American Airlines, Inc. ("American") and Iberia Airlines of Spain ("Iberia") and three individuals for race discrimination, wrongful termination, and hostile work environment in violation of 42 U.S.C. § 2000e and 42 U.S.C. § 1981. American moves to dismiss all claims against it on the basis of a settlement agreement between American and Plaintiff, as well as for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Iberia moves for judgment on the pleadings pursuant to Rule 12(c), and moves to dismiss Count VI of Plaintiff's Amended Complaint. American's Motion to Dismiss and Iberia's Motion for Judgment on the Pleadings are granted in part and denied in part; Iberia's Motion to Dismiss Count VI is granted.

Plaintiff's Allegations

In November 2000, American hired Plaintiff as a customer service representative. In March 2003, American placed Plaintiff temporarily with Iberia, also as a customer service representative. While working at Iberia, American and Iberia supervisors denied Plaintiff the use of equipment and facilities, denied her training, intentionally transferred her to less favorable positions than her

"Spanish"[1] and White counterparts, and offered her the last choice on days off. Additionally, Plaintiff was written up for errors made by her counterparts, denied use of her flexible time, and received improper attendance deductions. Plaintiff's White and Spanish counterparts did not encounter these problems with the supervisors.

During this period, American and Iberia employee supervisors also subjected Plaintiff to racial slurs and/or permitted Plaintiff's subordinates to make such slurs. These supervisors instructed Plaintiff's counterparts not to speak with her, not to assist her, and to keep "constant tabs" on Plaintiff's activities and duties because they believed Plaintiff was stealing from the company.

Plaintiff complained to the Human Resources departments of both American and Iberia, but her complaints went unheeded. On October 16, 2004, Plaintiff was "displaced," or transferred, from her position with Iberia back to a position with American. In April 2005, Plaintiff was terminated from American for reasons that were unrelated to her displacement from Iberia.

Procedural History

On May 31, 2005, Plaintiff submitted a charge of racial discrimination and retaliation with the EEOC (the "Original Charge"). The Original Charge listed only Iberia as an offending party, and the only alleged discriminatory act was the October 2004 displacement from Iberia back to American. The Original Charge did not refer to either American or the April 2005 termination. On June 20, 2005, the EEOC issued a "right to sue" letter for the Original Charge regarding Iberia. On June 25, 2005, Plaintiff filed this action against Iberia alone.

On August 5, 2005, Plaintiff moved for leave to file an amended complaint, alleging that the EEOC had inadvertently left American, a necessary party, out of the Original Charge. ("The August

---

[1] The Amended Complaint does not clarify whether Spanish refers to citizens of Spain, Hispanic individuals, or Spanish-speakers.

5, 2005 Motion", Docket No. 14). The August 5, 2005 Motion also indicated that the Plaintiff and American were attempting to negotiate a settlement that would obviate the need to amend the complaint. The Court granted the August 5, 2005 Motion. On August 31, 2005, Plaintiff signed a settlement agreement with American (the "Settlement Agreement"), in which Plaintiff was reinstated at American without back pay, in return for which she agreed to release all present and future claims against American.

On September 25, 2005, Plaintiff filed a second racial discrimination charge with the EEOC (the "New Charge") regarding the October 16, 2004 displacement, this time against American. As a narrative description of the allegations of the New Charge, Plaintiff attached the Original Charge and added nothing further. On October 3, 2005, the EEOC issued a "right to sue" letter for the New Charge. On October 19, 2005, Plaintiff amended her complaint to include American as a party to this suit.

## Standard of Review

The relevant standard on Rule 12 is "whether any set of facts consistent with the complaint would give him a right to recover, no matter what the legal theory." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). When reviewing a motion to dismiss for failure to state a claim, the Court takes accepts all facts as true and draws all reasonable inferences in Plaintiff's favor. *See Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). Dismissal pursuant to Rule 12 is appropriate only "if it appears beyond doubt that the plaintiff cannot prove any set of facts" that would entitle her to relief. *Id.* But "if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *McCready v. EBay, Inc.*, 453 F.3d 882, 888 (7th

3

Cir. 2006), *quoting Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court that is considering a Rule 12(c) motion applies the same standard of review as it would to a 12(b)(6) motion to dismiss. *See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local 150*, 335 F.3d 643, 647 (7th Cir. 2003).

## Discussion

### Claims against Individuals

Plaintiff has brought claims against three individuals: James Meyers and Susan Besse, employees of American, and Milton Uribe, an employee of Iberia. Plaintiff concedes in her Response to American Airlines' Motion to Dismiss that these three individuals were not properly served pursuant to Rule 4 and must be dismissed. Therefore, all claims against James Meyers, Susan Besse, and Milton Uribe are dismissed with prejudice.

### Title VII Claims

Plaintiff has brought three claims against American and Iberia pursuant to Title VII: discrimination, harassment, and retaliation. American and Iberia assert a number of challenges to these claims and seek dismissal pursuant to Rule 12(b)(6).

#### *Title VII Claims are Time-Barred As to American*

In order to bring an employment charge pursuant to Title VII, a plaintiff must bring charges with the EEOC, at latest, within 300 days of the occurrence. *See* 42 U.S.C. § 2000e-5(e)(1); *Connor v. Ill. Dept. Of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). After the EEOC investigates the allegation, it will issue a right-to-sue letter, whereupon the plaintiff has 90 days from the date the letter is received to bring suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1).

4

Plaintiff filed the Original Charge against Iberia on May 31, 2005 for conduct that occurred on October 16, 2004, thereby preserving her right to pursue a claim against Iberia. Plaintiff did not file an EEOC charge against American until September 26, 2005, more than 300 days after the occurrence of the conduct.

Plaintiff claims that the failure to join American as a party on the Original Charge was an inadvertent error on the part of the EEOC. But Plaintiff's own August 5, 2005 Motion, filed in this Court, show that she was aware of the fact that American had not been joined in the Original Charge prior to the expiration of the statutory period for filing her claim. (See Docket Entry No. 14). Additionally, the August 5, 2005 Motion suggests that Plaintiff had known about this deficiency in the EEOC charge for some time, as she had already commenced settlement negotiations with American. Therefore, even if Plaintiff alleges that the EEOC failed to include American in the Original Charge, Plaintiff has provided no reason why she could not have filed her charge against the EEOC after learning of the deficiency and prior to the expiration of the 300 day period. Instead, Plaintiff waited until she had executed the Settlement Agreement with American, whereupon she continued to press additional charges against American via the New Charge. In light of Plaintiff's failure to file a timely charge with the EEOC against American, Plaintiff's Title VII claims against American (Claims I, II, and V) are dismissed with prejudice as time-barred.

Additionally, to the extent Plaintiff seeks to proceed against American for discriminatory termination in April 2005, she may not do so. Plaintiff had been terminated by American before she filed the Original Charge with the EEOC, on May 31, 2005, and before she filed the New Charge on September 26, 2006. Plaintiff could have filed against American regarding the April 2005

5

termination on either occasion, but she did not do so. Her time for filing such a charge has now passed.

*The Scope of the EEOC charge*

In the alternative, American argues and Iberia concurs that Plaintiff's retaliation and harassment claims are outside the scope of the EEOC charge. A plaintiff may not bring suit in federal court under Title VII for claims that were not properly presented before the EEOC. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111-12 (7th Cir. 1992); *accord Cheek v. Western and Souther Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Whether Plaintiff's allegations are within the scope of her EEOC charges is a question of law. *See Connor*, 413 F.3d at 680. The purpose of requiring the EEOC charge as a condition precedent to the filing of a federal suit is "to afford the EEOC and the employer an opportunity to settle the dispute through conference, conciliation and persuasion." *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1035 (7th Cir. 2004); *quoting Cheek*, 31 F.3d at 500. Because EEOC charges are not generally filed by lawyers, however, the Court grants significant leeway regarding the scope of the charge: Title VII claims set forth in a complaint are valid if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *See Cheek*, 31 F.3d at 500. "The EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 502 (emphasis in original). While the entire details of the factual basis for the claims need not be put forth in the charge before the EEOC, some specificity in the claim of discrimination is required. Court may properly review the body of the charge in order to ascertain the reasonable scope of the claims. *Id.* at 501.

On the face of the Original Charge, attached to the New Charge as the sole description of the discriminatory acts, Plaintiff alleged that the period of discrimination both began and ended October 16, 2004. In the narrative section of the Original Charge, Plaintiff alleged that she was discriminatorily "displaced by Iberia" because she is black. *See Ex. A. to Complaint*. On the basis of that charge, which forms the basis for this suit, Plaintiff cannot now claim that she also suffered retaliation and harassment. Neither the Original Charge nor the New Charge contains any allegation of harassment or retaliation. *See Rush*, 966 F.2d at 1111 (termination charge in EEOC not reasonably related to harassment charge where not mentioned at all in the narrative of the charge). Additionally, Plaintiff specifically limited the date range of her charge to one day – the date on which she was displaced from Iberia back to American. Claims II and V, for harassment and retaliation, are dismissed with prejudice as to both American and Iberia as outside the scope of the EEOC charge.

<u>Section 1981 Claims</u>

Plaintiff also brings two claims against American and Iberia pursuant to 42. U.S.C. § 1981, one for discriminatory displacement and a second for harassment. American argues and Iberia concurs that Plaintiff cannot proceed on a discriminatory displacement claim under § 1981 because Plaintiff has not suffered an adverse employment action and cannot proceed on a harassment claim because Plaintiff has not pleaded facts sufficiently pervasive or severe.

At-will employees may state claims under section 1981. *See Walker v. Abbott Labs.*, 340 F.3d 471, 476 (7th Cir. 2003). The methods of proof for discrimination claims under Title VII and Section 1981 are essentially the same. *See Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403 (7th Cir. 2007). In order to establish a *prima facie* case of discrimination, Plaintiff must show that she

7

suffered an adverse employment action; in the § 1981 context, adverse actions affecting contractual rights affect "wages, benefits, duties, [and] working conditions". *See Walker*, 340 F.3d at 476, *quoting McKnight v. GMC*, 908 F.2d 104, 109 (7th Cir. 1990). Inconveniences or minor events that make an employee unhappy do not rise to the level of materially adverse employment actions. *See Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002).

At the motion to dismiss stage, a court may dismiss an action only if it is apparent that there is no set of facts that would support the claim. *See Cleveland*, 297 F.3d at 571. In this case, Plaintiff has sufficiently alleged an adverse employment action for purposes of a motion to dismiss. Plaintiff alleges that the displacement from her position at Iberia back to employment with American was adverse, particularly in the area of hours worked and vacation time. Taking Plaintiff's allegations as true, Plaintiff has pleaded an adverse employment action sufficient to survive at the motion to dismiss stage.

Likewise, American argues and Iberia concurs that Plaintiff has not pleaded facts sufficient to support her Section 1981 claim that she suffered harassment and a hostile work environment as the result of her race. In order to prevail on a claim for harassment on the basis of race, Plaintiff must show that the conduct "unreasonably interferes with a person's work performance or creates an intimidating, hostile, or offensive work environment." *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1035 (7th Cir. 2003). In this case, Plaintiff alleges that she was called names repeatedly on the basis of her race and demeaned through accusations that she was promiscuous. Plaintiff also alleges that individual employees of American and Iberia told subordinates to watch Plaintiff, accused her of stealing company property, and instructed others not to assist Plaintiff with any of her tasks. These facts, taken in the light most favorable to Plaintiff,

8

may constitute harassment. Therefore, Plaintiff's Section 1981 claim for harassment will not be dismissed.

## The Settlement Agreement

Finally, as relates solely to American, Plaintiff signed the Settlement Agreement with American on August 31, 2005 that releases claims against American. American seeks to dismiss the action on the basis that the Settlement Agreement constitutes a complete release of all claims Plaintiff may have against American. Plaintiff does not deny the existence or the authenticity of the Settlement Agreement (attached to American' Motion to Dismiss as Exhibit 6.) Rather, Plaintiff responds that the Settlement Agreement was signed solely in relation to American's April 2005 termination of Plaintiff, and that the agreement does not relate to the claims arising from the October 16, 2004 displacement from Iberia.

It is well-established that a plaintiff can release her civil rights claims against an employer. *See Pierce v. Atchison, Topeka and Sante Fe Ry. Co*, 65 F.3d 562, 570 (7th Cir. 1995). Plaintiff admits that the Settlement Agreement is a valid document that settles a claim between American and Plaintiff, but disputes the release's scope. The Settlement Agreement on its face does not definitively resolve this issue, and therefore the claims against American cannot be dismissed pursuant to Rule 12(b)(6).

## Intentional Infliction of Emotional Distress

In addition to her federal claims, Plaintiff filed a pendant state law claim for Intentional Infliction of Emotional Distress. Plaintiff concedes in her response to American Airlines' Motion to Dismiss that the Illinois Human Rights Act preempts state law claims of intentional infliction of

9

emotional distress that are linked to civil rights violations. Therefore, Count VI of Plaintiff's Amended Complaint is dismissed with prejudice as to both American and Iberia.

## Conclusion

Iberia's Motion to Dismiss Count VI is granted as unopposed and Count VI is dismissed with prejudice. American's Motion to Dismiss and Iberia's Motion for Judgment on the Pleadings are granted in part and denied in part. All claims against James Meyers, Susan Besse, and Milton Uribe are dismissed with prejudice for failure to serve. Counts II and V of the Amended Complaint are dismissed with prejudice as to both American and Iberia because they are outside the scope of the EEOC charge. Count I of the Amended Complaint is dismissed with prejudice as to American because it is time-barred. Because the Settlement Agreement signed by Plaintiff and American potentially disposes of Plaintiff's remaining claims against American, the parties shall conduct limited discovery solely related to the scope of the Settlement Agreement.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: February 23, 2007